IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHARMACIA LLC | § | |
| | § | |
| v. | § | |
| | § | |
| GRUPO DE INVERSIONES | § | Case No. 2:15-CV-920-RWS-RSP |
| SURAMERICANA S.A., AS | § | |
| SUCCESSOR-IN-INTEREST TO | § | |
| COMPANIA AGRICOLA DE SEGUROS | § | |
| S.A. BOGOTA, COLOMBIA, ET AL. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Roy S. Payne (Docket No. 49) regarding Individual Defendants' ("Defendants")[1] Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the Alternative to Abstain (Docket No. 25, "Motion to Dismiss"). The Defendants filed Objections to the R&R (Docket No. 56). Plaintiff Pharmacia LLC ("Pharmacia") filed a Response to Defendants' Objections (Docket No. 60), Defendants filed a Reply (Docket No. 67), and Pharmacia filed a Sur-Reply (Docket No. 81).

The R&R recommends that the Court deny Defendants' Motion to Dismiss. Docket No. 25 at 5. The R&R first addresses subject matter jurisdiction; it finds that evaluating federal question jurisdiction is unnecessary because Defendants concede that diversity jurisdiction has been adequately alleged. Docket No. 49 at 1–2. The R&R then divides the Defendants into two groups: Defendants Bowman and Chambers ("Group 1") and Defendants Donnell, Fischer, New and Kuntz ("Group 2"). The R&R addresses a mootness argument by the Group 2 Defendants and finds they did not meet the heavy burden required for dismissal under the circumstances. *Id.*

---

[1] The term "Defendants" is used herein to refer only to the Individual Defendants. There are other, institutional Defendants in this case who did not join in the instant motion.

at 2–3. Then, the R&R addresses the Group 1 Defendants' argument for abstention in favor of their related state court actions and concludes that abstention is inappropriate. *Id.* at 3–5.

The Defendants object to the R&R's recommendation that abstention is inappropriate on the grounds that "[t]he Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." (Docket No. 56 at 1 (citing *Vaden v. Discovery Bank*, 556 U.S. 49, 70 n. 19 (2009))). Defendants object to the R&R's finding that the claims against the Group 2 Defendants are not moot, arguing that Defendants have made clear their intention never to sue Monsanto. *Id.* at 2–3. Defendants further object to the exercise of jurisdiction on the grounds that all of Plaintiff's claims are unripe. *Id.* at 3–4. Finally, Defendants argue that Plaintiff's claims against the Group 1 Defendants are subject to mandatory abstention, *id.* at 4–7, and those against the Group 2 Defendants should be subject to permissive abstention. *Id.* at 7–8.

In response, Pharmacia argues that its claims are indeed ripe as well as non-moot. Docket No. 60 at 2–4. Pharmacia also argues that the Anti-Injunction Act does not mandate abstention, *id.* at 4–7, and that permissive abstention is also inappropriate. *Id.* at 7–8.

Defendants reply that Pharmacia has not properly established standing under *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). Docket No. 67 at 1. Defendants also maintain their assertions that Pharmacia's claims are moot as well as unripe, *id.* at 2–3, and that the Anti-Injunction Act still applies to the case to bar Pharmacia's declaratory judgment. *Id.* at 3–5.

Finally, Pharmacia sur-replies that this case is distinguishable from *Spokeo*, Docket No. 81 at 2, and that Pharmacia has standing to bring its declaratory judgment action against Defendants. *Id.* at 2–4.

Upon *de novo* review of the foregoing, the claims are justiciable, mandatory abstention is inapplicable and permissive abstention is inappropriate. Accordingly, the Court finds that Pharmacia has sufficiently established standing.

First, the claims are ripe and not moot. *See* Docket Nos. 49 at 2–3; 60 at 2–4. As to ripeness, Plaintiff's declaratory judgment claims are distinguishable from the affirmative claims under the Fair Credit Reporting Act in *Spokeo*. *See* 136 S.Ct. at 1544. Defendants argue that Plaintiff's claims are not ripe but acknowledge that the Group 1 Defendants have already brought a related suit and the Group 2 Defendants have retained counsel to investigate bringing a suit. Docket No. 56 at 3–4. Bringing suit and retaining counsel, respectively, represent at least the "specific and concrete" threat of litigation required for ripeness. *See* Docket No. 60 at 2 (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000). The claims against all Defendants are ripe; the claims are also not moot. The Magistrate Judge correctly determined that absent some writing or other definitive act, the mere representation of counsel that the Group 2 Defendants will not sue is insufficient to render the claims moot. Accordingly, the claims are justiciable.

Second, the Anti-Injunction Act does not bar Pharmacia's claims. The same issues are not before the federal and state courts. *See* Docket No. 49 at 3 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). The preemption question in

this case is not being raised in either of the state court actions, and this suit is intended to resolve a multiplicity of suits.  *See* Docket No. 60 at 5–6.

Finally, permissive abstention is inappropriate for four reasons.  First, Pharmacia's present action contains a claim for coercive relief.  Second, the federal and state court proceedings are not truly parallel because there are new issues (*e.g.*, federal preemption) as well as different parties.  Third, this case centers on a question of federal law; the policy in favor of deciding questions of federal law in federal forums militates against permissive abstention.  Fourth, this case does not involve any state judicial decree.  *See id.* at 7–8.

Having considered the Report and Recommendation, the Objections and the other submissions of the parties, the Court agrees with and adopts the conclusions set out in the Report and Recommendation.  Accordingly, the United States Magistrate Judge's R&R (Docket No. 49) is hereby **ADOPTED**.  It is **ORDERED** that Defendants' Motion to Dismiss (Docket No. 25) is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 27th day of September, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE