# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PHARMACIA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:15-cv-00920-RWS-RSP |
| GRUPO DE INVERSIONES | § | |
| SURAMERICANA S.A., AS | § | |
| SUCCESSOR-IN-INTEREST TO | § | |
| COMPANIA AGRICOLA DE SEGUROS | § | |
| S.A. BOGOTA, COLOMBIA ET AL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Payne (Docket No. 158) (the "Report") recommending denial of Defendants' Motion for Summary Judgment (Docket No. 118). Defendants filed an Objection to the Report and Recommendation (Docket No. 160). After considering the briefing for Defendants' Motion for Summary Judgment (Docket Nos. 118, 135, 139, 145), Defendants' Objection to the Report and Recommendation (Docket No. 160) and Plaintiff's Response to the Objection (Docket No. 162), the Court agrees with the conclusions reached by the Magistrate Judge within his Report and, therefore, **ADOPTS** his recommendation.

### I. Background

The Defendants[1] (collectively, "Insurers" or "London Market Insurers") previously provided liability insurance to Pharmacia LLC (hereinafter "Monsanto").[2] Docket No. 160 at 2; *see* Docket No. 162 at 2. Beginning in the 1980s, Monsanto became obligated to pay for damage and injury caused by environmental contamination from polychlorinated biphenyls ("PCBs").

---

[1] See Docket No. 118-1 for a complete list of Defendants.
[2] Pharmacia LLC was formerly known as The Monsanto Company.

Docket No. 118 at 3. Monsanto sought to shift this burden to the Defendants, which denied the claims. *Id.* This prompted Monsanto to sue its insurers in Delaware for breach of their obligations under the insurance policies. *Id.* The Insurers and Monsanto eventually entered into a settlement agreement in 1995 wherein Monsanto agreed to release a portion of the coverage. *See generally* Docket No. 119-2. However, this 1995 settlement agreement included a carve-out whereby the Insurers remained obligated to provide coverage for certain claims. Docket No. 119-2 at 8. The language of the carve-out states that:

> [n]otwithstanding (a) through (e) above, the following shall not constitute "Released Claims" as defined herein and, accordingly, Monsanto does not, by virtue of this Agreement, release the London Market Insurers for claims of the type described in subsections (i) through (iii) immediately below:
>
> i. where recovery is sought (and all of the following four conditions have been fulfilled):
>
> (1) ***arising out of the end-use of goods or products manufactured, sold or distributed by Monsanto***; and
> (2) after Monsanto has relinquished to others possession of such goods or products; and
> (3) where such end-use occurs away from Monsanto's premises; and
> (4) where the underlying claim against Monsanto alleges either negligence, strict liability, a defect (including failure to warn) or the ultrahazardous nature of the goods or products.

Docket No. 119-2 at 7 (emphasis added).

After the parties executed the settlement agreement, another 740 claimants sued Monsanto and alleged that they each developed non-Hodgkin's lymphoma ("NHL") from exposure to Monsanto PCBs. Docket No. 118 at 1; Docket No. 160 at 2; Docket No. 135 at 2. The parties agree that the present dispute is whether those claims properly fall within the scope of the carve-out such that Defendants are obligated to provide coverage. Docket No. 118 at 1; Docket No. 135 at 1.

## II. Procedural Posture

In their Motion for Summary Judgment, Defendants argued that the claims did not seek recovery for injury from end-use of a product and, instead, merely asserted exposure to PCBs from the environment. Docket No. 118 at 19–20. Defendants argued that the carve-out did not apply unless a plaintiff's complaint made specific allegations (or the plaintiff expressly testified) that exposure came from a product in end-use. However, the Report rejected this argument, and concluded that "[a] claim seeks 'recovery . . . arising out of end-use of a product' within the meaning of the 1995 Settlement Agreement if the pleadings, the arguments of counsel at trial, or the expert testimony seeks to impose liability at least in part based on exposure resulting from the end-use of a product in which PCBs were used." Docket No. 158 at 9–10. The Report identified instances where claimants sought recovery arising out of the end-use of a product and concluded that these instances gave rise to a genuine fact issue. *Id.* at 10.

## III. Analysis of Defendants' Objections

Defendants now object to the evidentiary burden to which the Magistrate Judge held Monsanto. Specifically, Defendants object that the Report "did not recognize that it was Monsanto's burden to come forward with specific evidence sufficient to permit a jury to conclude that each allegedly non-released claim falls within the carve-out." Docket No. 160 at 1. Defendants also object that "reli[ance] on statements from two cases" is insufficient "as ground[s] for finding disputed issues as to *all* claimants." *Id.* at 1–2 (emphasis in original).

"The moving party is 'entitled to a judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Of course, a party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* "This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991). "Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Id.* at 591. "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also id.* (citing *Clark* and noting that the law of the Fifth Circuit and Eleventh Circuit is identical in regards to the burdens on summary judgment).

As an initial matter, the Court agrees with the Report that a claim seeks recovery arising out of end-use of a product "if the pleadings, the arguments of counsel at trial, or the expert testimony seeks to impose liability at least in part based on exposure resulting from the end-use of a product in which PCBs were used." Docket No. 158 at 9–10. This interpretation properly accounts for the Settlement Agreement's provision for partially released claims where injuries arise from both a released cause and a non-released cause. *See* Docket No. 119-2 at 8 (acknowledging that an end-use "may occur at multiple stages while the product or material is in the stream of commerce" and further establishing that certain uses were released).[3]

The Magistrate Judge correctly identified that Defendants did not meet their initial burden. As the movant, Defendants bore the burden of showing the absence of a genuine issues as to any

---

[3] The Report also recommended that the Court reject Monsanto's position that *any* exposure from open-use applications are necessarily within the scope of the carve-out. Docket No. 158 at 9 n.2. The Court agrees and adopts this recommendation.

material fact. *Clark*, 929 F.2d at 606–7 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). "[U]nless the [Defendants meet their] burden under Rule 56, the obligation of the opposing party does not arise even if no opposing evidentiary material is presented by the party opposing the motion." *Id.* at 607. "[U]nder certain circumstances [Defendants] may meet [their] Rule 56 burden without negating an element of the non-moving party's claim and [] under such circumstances it is sufficient to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id.* at 608. But, "[e]ven after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*

In their motion, Defendants' argued that none of the claims were covered under their interpretation of the carve-out. Monsanto responded with its own interpretation of the carve-out and examples of claims that were carved out from the release. Defendants failed to carry their burden to establish, by cites to the record or otherwise, that Monsanto could not prove its case as to any one of the 740 claimants at trial.[4] Thus, Monsanto was not obligated to provide specific evidence that the carve-out applied to each of the 740 individual claims. Accordingly, the Magistrate Judge correctly rejected Defendants' narrow interpretation of the carve-out and concluded that Monsanto provided sufficient evidence to overcome summary judgment.

## IV. Conclusion

Because the Court agrees with the conclusions reached by the Magistrate Judge in his Report, Defendants' objections to the Magistrate Judges' Report (Docket No. 160) are

---

[4] Defendants' Objections to the Report highlight this error by focusing on Monsanto's burden at trial but failing to acknowledge Defendants' own burden under Rule 56. *See* Docket No. 160 at 5. Defendants objected that "only the applicability of the carve-out was at issue on summary judgment" and "to defeat summary judgment Monsanto admittedly had the burden to show sufficient evidence to persuade a jury that the conditions were met." *Id.* Whether that is ultimately true at trial, Defendants never explained how their motion did more than "simply [] state that [Monsanto] cannot meet its burden at trial" to establish that the carve-out applies.

**OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Recommendation. Defendants' Motion for Summary Judgment (Docket No. 118) is **DENIED**.

**So ORDERED and SIGNED this 10th day of May, 2019.**

                                    ROBERT W. SCHROEDER III
                                    UNITED STATES DISTRICT JUDGE